UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

YELLOW CAB CO. OF SACRAMENTO,
a California Corporation,

    NO. CIV. S-02-0704 FCD DAD

   Plaintiff,

 v.    <u>MEMORANDUM AND ORDER</u>

YELLOW CAB CO. OF ELK GROVE,
INC., a California
Corporation; and MICHAEL P.
STEINER, an individual,

   Defendants.

----oo0oo----

This matter is before the court on plaintiff Yellow Cab Company of Sacramento's ("plaintiff") motion in limine to exclude the expert testimony of Patrick Farrell, Ph.D.[1] Dr. Farrell, a theoretical linguist specializing in the Engligh language, lexical semantics and grammar, is defendants Yellow Cab Company of Elk Grove and Michael Steiner's ("defendants") retained expert

---

[1] At the final pretrial conference, held on October 6, 2006, the court agreed to hear the instant motion on its regular law and motion calendar on December 15, 2006. Trial of this action is set to begin January 9, 2007.

1

in this trademark action[2] on the issue of whether the phrase "yellow cab" is a generic term.

Plaintiff moves to exclude Dr. Farrell's testimony on several, alternative grounds: (1) his testimony, based on a "national market," is inadmissible pursuant to the Ninth Circuit's remand order in this case; (2) his testimony does not meet the requirements of Federal Rule of Evidence 702 ("Rule 702") and is thus inadmissible; (3) his testimony is inadmissible under "Daubert" because his methodology is unreliable; and (4) his testimony will prejudice the jury and is thus excludable.

For the following reasons, the court does not find any of plaintiff's arguments availing, and therefore DENIES plaintiff's motion.[3]

As to plaintiff's first argument, plaintiff mischaracterizes Dr. Farrell's testimony. While he does provide testimony regarding use of the term "yellow cab" in other communities, including New York City, his opinions are not based solely on that use in other communities. Indeed, his testimony regarding New York City, to which plaintiff specifically objects, is only a fractional basis of his expert report (consisting of two paragraphs on page 13 of his 16-page report). To a much greater extent, Dr. Farrell's opinions are based on research regarding

---

[2] Plaintiff alleges claims against defendants for violations of the Lanham Act, common law trademark infringement and unfair competition, statutory unfair competition, false advertising, and intentional interference with prospective business advantage.

[3] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

2

the local Sacramento community.  (Expert Rpt. at 87, 88, 90-91.)  In its remand order, the Ninth Circuit directed this court to consider in deciding the relevance of certain evidence, the "territorial" or local scope of the term "yellow cab" in the specific geographic area.  <u>Yellow Cab Co. of Sacramento v. Yellow Cab Co. of Elk Grove</u>, 419 F.3d 925, 930 n. 4 (9th Cir. 2005).  Dr. Farrell performed this analysis.

Moreover, Dr. Farrell's testimony is not otherwise rendered inadmissible by any findings of the Ninth Circuit.  In its decision, the Ninth Circuit rejected defendants' "specific argument . . . that the use of the term 'yellow cab' in the New York City metropolitan area is dispositive in determining the distinctiveness of the mark . . ." and found that "the unique New York City government regulation of taxicabs is irrelevant to the trademark issues presented in this case."  <u>Id.</u>  Neither of these findings, however, require exclusion of Dr. Farrell's testimony.  First, Dr. Farrell does not opine that the circumstances in New York City are dispositive of any issue in this case; rather, he uses New York City's use of the phrase "yellow cab" as *one example* supporting his ultimate opinion that "yellow cab" is a generic term of the English language which is essentially synonymous with taxicab.  (Expert Rpt. at 98.)  Second, Dr. Farrell correctly states that New York City's government-regulated "medallion system," requiring all taxicabs to be painted yellow, does not exist in California, and he explains how the term "yellow cab" is specifically used in California and the Sacramento region in particular.

For these reasons, the Ninth Circuit's opinion does not

require exclusion of Dr. Farrell's testimony.

Regarding plaintiff's second argument, that Dr. Farrell's testimony does not meet the requirements of Rule 702, the court disagrees. The question of whether a mark is generic is a question of fact for the jury. Id. at 419 F.2d at 929. Here, Dr. Farrell offers testimony as a linguist on the issue of whether "yellow cab" is a generic term in the English language. Courts have routinely held in trademark actions that such expert testimony provides "helpful guidance" as to how people use a certain term and the "roots" of the term. Steak n Shake Co. v. Burger King Corp., 323 F. Supp. 2d 983, 993 (E.D. Mo. 2004); see also WSM, Inc. v. Hilton, 724 F.2d 1320, 1326 (8th Cir. 1984) (upholding district court's reliance on expert testimony from linguist in regional English testifying that the word "opry" was a generic term); Eastern Air Lines, Inc. v. New York Air Lines, Inc., 559 F. Supp. 1270, 1274 (S.D. N.Y. 1983) (finding the term "air-shuttle" generic in part based on lexicography expert's opinions setting forth history and present meaning of the words "shuttle" and "air-shuttle").

Plaintiff's cases, cited to the contrary, are inapposite. In Kern's Kitchen, Inc. v. Bon Appetite, 669 F. Supp. 786, 791 (W.D. Ky. 1987), the expert testifying was an *attorney,* attempting to testify as to trademark law; the court excluded the testimony under Rule 702 since expert testimony on the controlling law does not assist the trier of fact in determining a fact in issue. Id. In Thomas Pride Mills, Inc. v. Monsanto Co., 155 U.S.P.Q. 205, 208 (N.D. Ga. 1967), the court did not exclude the expert linguist's testimony but rather found that the

4

1 testimony was "insufficient in itself" to establish that
2 "Acrilan" was generic.  Unlike Dr. Farrell, in <u>Thomas Pride</u>, the
3 expert linguist focused only on the entomology of the word.  <u>Id.</u>
4     Next, plaintiff's third argument for exclusion of Dr.
5 Farrell's testimony is likewise unpersuasive as plaintiff fails
6 to raise a proper challenge under <u>Daubert v. Merrell Dow
7 Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993).  Plaintiff proffers
8 no evidence to challenge Dr. Farrell's methodology or the
9 reliability of his opinions.  Instead, plaintiff's *counsel* makes
10 a variety of arguments based upon *her* beliefs regarding the bases
11 for Dr. Farrell's testimony.  Attorney argument is not adequate
12 to raise a <u>Daubert</u> issue, and thus, there is no basis for
13 exclusion of Dr. Farrell's testimony under <u>Daubert</u>.
14     Finally, there is also no basis for plaintiff's contention
15 that admission of Dr. Farrell's testimony will "prejudice the
16 jury."  One of the jury's roles in this case is to determine,
17 from the facts and evidence presented to them, whether the
18 relevant consuming public uses the term "yellow cab" in a generic
19 sense.  The jury is not, as suggested by plaintiff, to use their
20 own "general knowledge" to determine the issues in this case.
21     Dr. Farrell's testimony is admissible as it is relevant to
22 the issues presented in this case, and it could assist the jury
23 in understanding the evidence and determining the factual issues.
24 Fed. R. Evid. 702.  Accordingly, plaintiff's motion in limine to
25 exclude his testimony is DENIED.
26     IT IS SO ORDERED.
27 DATED: December 11, 2006.
28
           _____
           FRANK C. DAMRELL, JR.
           UNITED STATES DISTRICT JUDGE

5