JEFFREY S. KRAVITZ  [SBN: 186209]
**KRAVITZ LAW OFFICE**
2310 J Street, Suite A
Sacramento, CA 95816
Telephone:  (916) 553-4072
Facsimile:   (916) 553-4074

Attorneys for Defendants
YELLOW CAB CO. OF ELK GROVE and MICHAEL STEINER

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YELLOW CAB CO. OF SACRAMENTO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> YELLOW CAB CO. OF ELK GROVE, et ) <br> al., ) <br> ) <br> Defendants. ) <br> ) | Case No.: CV-02-00704-FCD <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES** <br><br> **(15 USC §1117(a))** <br><br> HEARING DATE: March 30, 2007 <br> TIME:                10:00 a.m. <br> COURTROOM:    2 |

TO: YELLOW CAB COMPANY OF ELK GROVE AND THEIR ATTORNEY'S OF RECORD: Please take note that on March 30, 2007, at 10:00 a.m in Department 2 of the united States District Court 501 I Street, Sacramento, Ca, defendant's Yellow Cab of Elk Grove and Michael Steiner will and hereby do move this Court for an order granting attorney's fees pursuant to 15 USC §1117(a).

This motion is based on this notice, the points and authorities and declarations attached herein and whatever argument and evidence the Court may allow at the time of hearing.

- 1

Dated: 2-19-2007               Respectfully Submitted by:


   /s/Jeff Kravitz

Jeff Kravitz
Attorney for Defendants


MOTION - POINTS AND AUTHORITIES

1.    LEGAL STANDARD

Under the Lanham Act a Court may in exceptional cases award reasonable attorneys' fee to the prevailing party. 15 USC §1117(a).

A prevailing party does not need to show that the plaintiff acted in bad faith to gain an award of attorney fees. (*Boney v. Boney Services Inc.*, 127 F.3d 821, 827 (9th Cir. 1997). The Boney court noted that this was the first decision on the issue of attorney's fee for prevailing defendants and thus they looked to sister jurisdictions for guidance. The *Boney* court cited *Scott Fetzer Co. v. Williamson*, 101 F.3d 549 (8th Cir. 1996) for the standard that "When a plaintiff's case is groundless, unreasonable, vexatious or pursued in bad faith, it is exceptional and the district court may award attorney's fee to the defendant."

Not all of the *Boney/Fetzer* criteria must be met to grant attorneys fees to a prevailing defendant. As the Ninth Circuit explained in *Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1155 (9th 2002), "This requirement is met when the case is *either* "groundless, unreasonable, vexatious, *or* pursued in bad faith." In *Mattel Inc. v. Walking Mt. Prods.*, 353 F.3d 792, 816 (9th Cir. 2003) , the 9th circuit remanded for a determination of attorneys fees because the plaintiffs claims "may have been groundless or unreasonable."

To the list of various factors that can make a case exceptional the Fourth Circuit has added "economic coercion," "groundless arguments," and "failure to cite controlling law" in their determinations of shifting fees in favor of the prevailing defendant. *Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.,* 205 F.3d 137, 144 (4th Cir. 2000).

The Tenth Circuit in *National Ass'n of Prof'l Baseball Leagues, Inc. v. Very Minor Leagues*, 223 F.3d 1143, 1146-47 (10th Cir. 2000). has noted that the award of attorneys fees to defendants was justified in the original legislative history of the act by two considerations "One, an objective consideration, is whether the suit was "unfounded." See S. Rep. No. 93-1400, at 2 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7133. The other, a subjective consideration, is whether the suit was brought by the trademark owner "for harassment and the like." Id. The legislative history further advises that an award of attorney fees to a prevailing party is authorized where "justified by equitable considerations." Id. at 1, reprinted in 1974 U.S.C.C.A.N. 7132."

Thus here the Court should consider whether the claims brought by the Plaintiff were groundless, or unreasonable, or vexatious, or pursued in bad faith or was pursued for harassment or whether equitable considerations require the granting of attorneys fees.

2.     Plaintiffs Claims Were Groundless or Unreasonable

The plaintiff claimed that their use of the unregistered term 'yellow cab' deserved trademark protection. The theory that the Plaintiff claimed was that within the greater Sacramento region consumers of taxicab services had come to associate the term exclusively with their companies' services. Thus despite the overwhelming evidence of concurrent use of the term 'yellow cab' by others, they could exclude the defendant from using the term.

The plaintiff never cited any cases to support their theory. However, more importantly they presented no evidence to support it either.

The plaintiffs had no expert witness; they had conducted no survey to prove their claim. Moreover, the vast majority of evidence used by the defendant was provided by the Plaintiff.

The plaintiff's own evidence was repeatedly used during the course of trial to show that various 'yellow cab' companies had been advertising in Sacramento area phone books for decades. It appeared that the Plaintiffs were not even aware of their own evidence.

Witnesses called by the plaintiff actually testified in a manner consistent with the defendant's theory that the mark was generic. These witnesses testified that they believed all 'yellow cabs' were connected in some manner. One likened it to "McDonalds". Other witnesses openly said that they would choose a 'yellow cab' based on the name alone a name they were aware of before they had ever encountered the Plaintiff's company.

While it is objectively obvious that the Plaintiff' claims were groundless on their face, attorney's fees must be granted here were the Plaintiff either did not bother talking to their own witnesses or dismissing the case once they found out that no witness would testify in a manner consistent with plaintiff's legal theory.

Indeed, this Court found that there was no evidence presented on the claim for "unfair competition" that could survive a determination that the term was generic and entered a directed verdict on that claim. Thus Attorney's Fees must be granted for prevailing on this claim. As the *Cairns v. Franklin Mint Co.,* 292 F.3d 1139, 1155 -1156 (9th 2002), a defendant can be entitled to fees for prevailing on certain claims based on the merits of the particular claim.

However, here every claim brought by the plaintiff was groundless and attorney's fees should be awarded for all claims.

3. <u>Plaintiff's litigation actions and equitable considerations should cause this Court to grant attorney's fees to the defendant.</u>

During the course of pretrial and trial the plaintiff engaged in various legal actions that increased the fees of the case for the defendant.

The plaintiff filed a motion to exclude the defendant's expert witness that both misconstrued the witness report and misstated the law in numerous ways. As this Court noted in ruling on the motion, "Plaintiff's cases, cited to the contrary, are inapposite". Court Order RE: Motion to Exclude Expert p.4:20.   At trial the Plaintiff made various arguments citing authority on the issue of the unfair competition claim that were simply unfounded. The cases cited did not support the legal theory claimed.

As this Court knows, the Plaintiff has tried to claim that the term 'yellow cab' is only used generically in New York. Thus during the course of the case the defendant's counsel did not mention the use of the term 'yellow cab' in New York, until a plaintiff's witness on direct examination of the Plaintiff's attorney explained that all cabs in New York City are "yellow cabs". Despite this the Plaintiff in closing argument agains tried to tell the jury that the concept of a generic nature to 'yellow cab' was based on the taxicab licensing system in New York.  These types of "groundless arguments," and "failure to cite controlling  law" should be reviewed by the Court in ordering the shifting of fees in favor of the prevailing defendant. *Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.,* 205 F.3d 137, 144 (4th Cir. 2000).

In addition, equitable considerations and economic coercion must be considered by the Court. Here, the Court is well aware that the Defendant's company is tiny

- 5 -

compared to that of the plaintiff. Moreover, the Plaintiff has apparently engaged in this type of harassing activity in the past. They have persuaded various companies to not use the generic term "yellow cab" by threatening them with expensive litigation. Thus they have deprived those companies of using the very term most associated with their service.

As the *Ale House Mgmt., Inc. v. Raleigh Ale House, Inc.,* 205 F.3d 137, 144 (4th Cir. 2000) noted the factors to consider for trademark attorney's fees are similar to those of Copyright fees and include:  "(1) the motivation of the parties; (2) the objective reasonableness of the legal and factual positions advanced; (3) the need in particular circumstances to advance considerations of compensation and deterrence; and (4) any other relevant factor presented."

Here, there is a need to "advance considerations of compensation and deterrence. This company must be deterred from this type of litigation and the defendant nad their attorney must be compensated for their important work here in freeing the term 'yellow cab' for use by all.  *See* also *Mattel Inc. v. Walking Mt. Prods*., 353 F.3d 792, 816 (9th Cir. 2003) (holding that Plaintiff's suit could implicate First amendment considerations warranting a grant of attorneys' fees.)

Here, where the defendant's attorney capped his fees on this difficult case to $25,000 despite billable hours that could total a fee of $93, 150 all standards of the Lanham Act are met for the granting of attorney's fees.

## Conclusion

The jury took less than two hours to conclude that the plaintiff had no case whatsoever.  The plaintiff's witnesses testified as if called by the defense. The plaintiff's evidence proved the defense case. Despite this the Plaintiff has dragged this case

1  through the courts for five years. This court must exercise its discretion and grant the
2  fees of _____ as outlined in the supporting documentation.

    Dated: 2-19-2007            Respectfully Submitted by:

                                          __/s/Jeff Kravitz__

                                          Jeff Kravitz
                                          Attorney for Defendants