1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                       ----oo0oo----

11   YELLOW CAB CO. OF SACRAMENTO,
     a California Corporation,
12                                      NO. CIV. S-02-0704 FCD DAD

13            Plaintiff,

14        v.                            MEMORANDUM AND ORDER

15   YELLOW CAB CO. OF ELK GROVE,
     INC., a California
16   Corporation; and MICHAEL P.
     STEINER, an individual,
17
              Defendants.
18

19                       ----oo0oo----

20        This matter is before the court on defendants Yellow Cab

21   Co. of Elk Grove and Michael Steiner's ("defendants") motion for

22   attorney fees.[1]  By the motion, defendants seek attorney fees[2] as

23   _____

24        [1]  Because oral argument will not be of material
     assistance, the court orders this matter submitted on the briefs.
25   E.D. Cal. L.R. 78-230(h).

26        [2]  Defendants' counsel's declaration submitted in support
     of the motion describes that he spent 310.5 hours on the case at
27   a rate of $300.00 per hour, for total fees of $93,150.00.
     However, counsel explains that he agreed to "cap" his fees on the
28                                              (continued...)

                                1

1  the prevailing party following a trial in which the jury returned

2  a defense verdict in this trademark infringement and unfair

3  competition case brought by plaintiff Yellow Cab Co. of

4  Sacramento ("plaintiff").  Defendants contend that an award of

5  fees is warranted pursuant to the Lanham Act, 15 U.S.C.

6  § 1117(a), permitting, in the court's discretion, such an award

7  in "exceptional cases."  Plaintiff opposes the motion, arguing

8  the instant case is not "exceptional" within the meaning of

9  Section 1117(a), as plaintiff's claims were not groundless or

10  unreasonable or pursued vexatiously or in bad faith.

11      For the reasons set forth below, the court denies

12  defendants' motion for attorney fees.  An award of fees to a

13  prevailing defendant is rarely justified under the statute, and

14  particularly here, where the case proceeded *to trial* following

15  the Ninth Circuit's reversal of this court's grant of summary

16  judgment to defendants, the court cannot find that plaintiff's

17  claims were frivolous or pursued in bad faith.

18                        **BACKGROUND**

19      Following six days of trial, on January 18, 2007, the jury

20  returned a verdict in favor of defendants on plaintiff's

21  trademark infringement claim, finding that "Yellow Cab. Co." is

22  not a valid, protectable service mark (*i.e.* the term is

23  "generic").[3]

24  ────────────────

25      [2](...continued)
   case at $25,000.00, and that he only received this amount from
26  defendants for his services on the case.

27      [3]  Plaintiff's trademark infringement claim was the only
   claim submitted to the jury, as the court granted defendants'
28                                              (continued...)

                              2

1     Previously, on May 29, 2003, the court granted defendants'

2  motion for summary judgment, finding as a matter of law, that the

3  term "Yellow Cab Co." is generic, and thus not entitled to

4  trademark protection, or alternatively, even assuming that

5  "Yellow Cab Co." is not generic but instead descriptive, that

6  plaintiff failed to proffer sufficient evidence of "secondary

7  meaning" so as to provide trademark protection for the term.

8  (Mem. & Order at 12.)  As plaintiff's trademark infringement

9  claim failed, the court also found that plaintiff could not

10  prevail on its unfair competition claims, brought both under

11  federal and state law, as such claims were "substantially

12  congruent" of plaintiff's claims under the Lanham Act.  (Id. at

13  14.)  Finally, as to plaintiff's claims for false advertising and

14  intentional interference with prospective business advantage, the

15  court found that since such claims were predicated on defendants'

16  alleged wrongful use of the *protectable* "yellow cab" mark, they

17  likewise failed because the court determined the mark was

18  generic.[4]  (Id. at 15.)  While the court granted defendants'

19  motion for summary judgment in its entirety, it denied

20  defendants' request for an award of attorney fees under Section

21  1117(a).  (Id.)  The court found:

22          [a]lthough plaintiff's evidence in support of its
            case is deficient, no evidence has been offered
23          by defendant[s] that would support a finding

24

25          [3](...continued)
    Federal Rule of Civil Procedure, Rule 50 motion as to plaintiff's
26  unfair competition claim.  (Docket #102, Minutes, filed Jan. 17,
    2007.)
27
          [4]   Plaintiff did not pursue these claims at trial.
28  (Pretrial Conf. Order, filed Oct. 31, 2006.)

1        that there has been some economic coercion of
2        defendant[s] or objective unreasonableness of the
         legal and factual issues presented.

3    (Id.)

4        On August 9, 2005, the Ninth Circuit issued its decision in

5    Yellow Cab Co. of Sacramento v. Yellow Cab Co. of Elk Grove,

6    Inc., 419 F.3d 925 (2005), reversing this court's grant of

7    summary judgment to defendants and remanding the case for trial.

8    The Ninth Circuit held that plaintiff produced sufficient

9    evidence to raise triable issues of fact as to whether the term

10   "Yellow Cab Co." was generic or alternatively, descriptive with

11   acquired secondary meaning.   Id. at 929-30.   As to the former

12   issue of genericness, the Ninth Circuit remarked, in dicta, that

13   the term "Yellow Cab Co." appears to "answer the 'who are you?'

14   rather than the 'what are you?' question," thus "demonstrating

15   its non-genericness."   Id. at 929.   As to the latter issue of

16   secondary meaning, in distinguishing this case from other cases

17   where summary judgment was properly granted in favor of the

18   defendants, the court noted that the record in this case as to

19   the term's development of secondary meaning was "far stronger" in

20   that plaintiff produced "direct evidence (e.g. evidence of

21   customer confusion and advertising data . . .) sufficient to

22   present a genuine issue of material fact for trial."   Id. at 930

23   n. 3.

24       It is against this back-drop that the court considers

25   defendants' second request for attorney fees under Section

26   1117(a).

27

28

                                    4

**STANDARD**

Pursuant to section 35(a) of the Lanham Act, the court may award reasonable attorney fees to the prevailing party in "exceptional cases."  15 U.S.C. § 1117(a).  This provision was designed, in part, to protect innocent defendants "against unfounded suits brought by trademark owners for harassment and the like."  S. Rep. No. 93-1400, 93rd Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Ad.News 7132, 7136.  Thus, the Ninth Circuit has held that a case is "exceptional" for the purposes of recovering a prevailing defendant's attorney fees only if the plaintiff's claim is "*either* groundless, unreasonable, vexatious, *or* pursued in bad faith.*"*  Cairns v. Franklin Mint Co., 292 F.3d 1139, 1156 (9th Cir. 2002) (emphasis in original).[5]  Not surprisingly, under this standard, defendants are "rarely" awarded attorney fees in trademark infringement cases.  Banff, Ltd. v. Colberts, Inc., 810 F. Supp. 79, 80 n. 2 (S.D.N.Y. 1992) (citing Larner, Award of Attorneys' Fees Under § 35(a) of Lanham Act, 82 A.L.R. Fed. 143 (1991)).  Ultimately, the decision to award fees rests in the court's discretion.  Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000).

**ANALYSIS**

Defendants argue that an award of attorney fees is justified in this case because plaintiff pursued to trial "groundless and unreasonable" claims.  Defendants contend plaintiff pressed its

---

[5]     Citing out of circuit authority, defendants contend that also relevant to the determination are "equitable considerations" and the need to "deter" the plaintiff.  The Ninth Circuit has not expressly considered these factors, and thus, the court likewise does not do so here.  Id.

1  claims without citing legal authority for its positions and

2  without presenting supporting evidence.  In that latter regard,

3  defendants point out that plaintiff did not present expert

4  testimony at trial, and defendants claim plaintiff's witnesses

5  testified inconsistent to plaintiff's theories of the case.

6      The court does not agree with defendants' contentions.

7  First, the court cannot find that plaintiff pursued baseless

8  claims in this action when the Ninth Circuit reversed this

9  court's grant of summary judgment to defendants and remanded this

10  case for *trial*.  Where plaintiff successfully withstood (after

11  appeal) summary judgment, a finding of frivolousness cannot be

12  made.  In that regard, the cases relied on by defendants for an

13  award of fees are distinguishable.  <u>Mattel, Inc. v. Walking</u>

14  <u>Mountain Productions</u>, 353 F.3d 792, 816 (9th Cir. 2003); <u>Cairns</u>,

15  292 F.3d at 1156; <u>Ale House Management, Inc. v. Raleigh Ale</u>

16  <u>House, Inc.</u>, 205 F.3d 137, 144 (4th Cir. 2000).  In each of these

17  cases, attorney fees were granted to the prevailing defendants

18  following the award of summary judgment to the defendants.

19      Plaintiff cites no case wherein fees were awarded to a

20  prevailing defendant following a jury trial.  In fact, more

21  often, attorney fee requests are denied in such circumstances.

22  <u>See e.g.</u> <u>Gracie</u>, 217 F.3d at 1071-72 (affirming denial of the

23  prevailing defendant's attorney fees request following a jury

24  trial where defendant supported his request with only "conclusory

25  statements regarding [the counter-claimant's] supposed bad

26  faith"); <u>Banff</u>, 810 F. Supp. at 81 (denying the prevailing

27  defendant's request for attorney fees following a jury trial

28  because plaintiff's action "proceeded to trial" on a "properly

6

1  plea[d] cause of action for willful trademark infringement"). In

2  only one case reviewed by the court did a prevailing defendant

3  succeed in a fees motion under Section 1117(a) following a trial.

4  <u>Vital Pharmaceuticals, Inc. v. American Body Building Products,</u>

5  <u>LLC</u>, 2007 WL 624329 (S.D. Fla. Feb. 23, 2007). Although, in

6  <u>Vital</u>, the award of fees was made following a bench, not jury

7  trial. Moreover, <u>Vital</u> is clearly distinguishable on the facts

8  as there, after serving as the trier of fact, the court ruled

9  that fees were warranted because the plaintiff "could not satisfy

10 even one of the elements of a valid trade dress claim, and its

11 case suffered from severe credibility problems and a lack of

12 convincing evidence." <u>Id.</u> at *9. Ultimately, the court found

13 that the plaintiff's case "appeared as nothing but a thinly-

14 veiled effort to stifle legitimate competition." <u>Id.</u> The court

15 cannot make such findings in this case on behalf of *the jury*, and

16 even if it could, the court would not find similarly based on the

17 evidence presented by plaintiff at trial.

18       Indeed, it is particularly noteworthy that even following

19 this court's grant of summary judgment to defendants, it did not

20 award fees to defendants under Section 1117(a), finding instead

21 that while plaintiff's evidence may have been insufficient to

22 withstand summary judgment, plaintiff's claims were nonetheless

23 objectively reasonable. (Mem & Order, filed May 29, 2003, at

24 15.) Nothing about the trial changes this court's view of

25 plaintiff's claims.[6]

26

27       [6]   Contrary to defendants' suggestion, plaintiff was not
   obligated to offer expert testimony to support its case;
28                                                   (continued...)

7

1    Defendants try to emphasize that the court ruled in their

2    favor on their Rule 50 motion as to plaintiff's unfair

3    competition claim.  However, that ruling does not support a

4    finding that plaintiff's unfair competition claim was

5    "groundless."  While the court found that plaintiff did not

6    proffer sufficient evidence to submit its "passing off" theory

7    for this claim to the jury, it was nonetheless a *viable* theory

8    under the relevant case law.  As such, the court's Rule 50 ruling

9    is not a basis for granting fees to defendants.

10    As to defendants' second argument, that plaintiff wholly

11    lacked evidentiary support for its case at trial, the court

12    disagrees not only based on its recollection of the evidence

13    presented at trial but also considering the Ninth Circuit's

14    review of the evidence presented by plaintiff in opposition to

15    defendants' motion for summary judgment.  The Ninth Circuit did

16    not only hold that the evidence was sufficient to raise triable

17    issues of fact for trial, but remarked that the evidence may be

18    sufficient to find non-genericness and was "stronger" than other

19    cases on the issue of secondary meaning.  Yellow Cab Co. of

20    Sacramento, 419 F.3d at 929-30.  While the jury found otherwise,

21    the Ninth Circuit's decision certainly supports a finding that

22    the claims pressed at trial were *not* "wholly lacking" in

23    evidentiary support.

24

25

26    _____

27    [6](...continued)
additionally, that some of plaintiff's witnesses may not have
testified in direct conformity with plaintiff's theory of the
28    case is not uncommon in an adversarial proceeding.

1    Alternatively, defendants maintain that an award of fees is
2  warranted in this case because of "plaintiff's litigation
3  actions," which "increased the fees" incurred by defendants.
4  Defendants cite as the sole support for this argument,
5  plaintiff's motion in limine to exclude defendants' expert
6  witness.  Defendants assert that in this motion, plaintiff made
7  groundless arguments, failing to cite controlling law; such
8  facts, defendants contend, support an award of fees under <u>Ale</u>
9  <u>House</u>.  205 F.3d at 144.  <u>Ale House</u> is distinguishable.  There,
10  following an award of summary judgment to the defendant, the
11  court awarded the defendant attorney fees under Section 1117(a)
12  on the grounds the plaintiff "(1) alleged erroneous facts due to
13  the reliance on a form complaint; (2) failed to tailor its
14  factual allegations to fit [the] case; (3) withdrew a federal
15  anti-dilution claim after [the defendant] pointed out its
16  inapplicability; and (4) is a successful company that used its
17  resources to hinder defendant's business venture."  <u>Id.</u>  Similar
18  facts are not present here.

19    Plaintiff's primary basis for moving to exclude defendants'
20  expert's testimony was the Ninth Circuit's decision which
21  directed this court on remand to "take into consideration the
22  territorial scope of the common law trademark rights in deciding
23  what evidence is relevant."  <u>Yellow Cab Co. of Sacramento</u>, 419
24  F.3d at 930 n. 4.  Based on this order, plaintiff appropriately
25  brought the motion in limine.  While this court ultimately denied
26  plaintiff's motion, finding defendants' expert's testimony in
27  compliance with the Ninth Circuit's direction to consider the
28  territorial or "local" scope of the term "yellow cab" in the

specific geographic area, its ruling does not render plaintiff's motion "baseless."  Plaintiff supported its arguments with reliance on the Ninth Circuit's decision and other pertinent authorities.  Although this court found the arguments unpersuasive, they nonetheless were based in law and supported by a reasonable interpretation of the facts.  Therefore, the court cannot find that plaintiff's motion in limine was groundless or pursued vexatiously.

As this court found previously, in its May 29, 2003 summary judgment order, there is no evidence in this case of bad faith conduct by plaintiff in bringing the instant suit against defendants.  (Mem. & Order at 15-16.)  While defendants continue to insinuate that plaintiff engaged in such conduct, their conclusory statements regarding plaintiff's supposed bad faith are insufficient to carry defendants' burden to demonstrate entitlement to an award of attorney fees.  <u>Gracie</u>, 217 F.3d at 1071.  Where defendants "fai[l] to cite any specific record evidence to support [their] speculation regarding [plaintiff's] state of mind," an award of fees is clearly not warranted.  <u>Id.</u>  Defendants have made no showing of any improper purpose by plaintiff in filing this action.

As such, considering the Lanham Act's requirement of "exceptional circumstances," as interpreted "narrowly" by the Ninth Circuit, <u>see id.</u>, the court denies defendants' motion for attorney fees under Section 1117(a).  Defendants have not demonstrated that plaintiff pursued this action to trial on groundless or unreasonable claims or in bad faith.

10

**CONCLUSION**

For the foregoing reasons, defendants' motion for attorney fees under Section 1117(a) is denied.

IT IS SO ORDERED.

DATED: March 30, 2007.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE