UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

YELLOW CAB CO. OF SACRAMENTO,
a California Corporation,

        Plaintiff,

   v.

YELLOW CAB CO. OF ELK GROVE,
INC., a California
Corporation; and MICHAEL P.
STEINER, an individual,

        Defendants.

NO. CIV. S-02-0704 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

    This matter is before the court on defendants Yellow Cab Co. of Elk Grove and Michael Steiner's ("defendants") motion for attorney fees.[1]  By the motion, defendants seek attorney fees[2] as

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

[2] Defendants' counsel's declaration submitted in support of the motion describes that he spent 310.5 hours on the case at a rate of $300.00 per hour, for total fees of $93,150.00. However, counsel explains that he agreed to "cap" his fees on the
(continued...)

1

the prevailing party following a trial in which the jury returned a defense verdict in this trademark infringement and unfair competition case brought by plaintiff Yellow Cab Co. of Sacramento ("plaintiff"). Defendants contend that an award of fees is warranted pursuant to the Lanham Act, 15 U.S.C. § 1117(a), permitting, in the court's discretion, such an award in "exceptional cases." Plaintiff opposes the motion, arguing the instant case is not "exceptional" within the meaning of Section 1117(a), as plaintiff's claims were not groundless or unreasonable or pursued vexatiously or in bad faith.

For the reasons set forth below, the court denies defendants' motion for attorney fees. An award of fees to a prevailing defendant is rarely justified under the statute, and particularly here, where the case proceeded *to trial* following the Ninth Circuit's reversal of this court's grant of summary judgment to defendants, the court cannot find that plaintiff's claims were frivolous or pursued in bad faith.

## BACKGROUND

Following six days of trial, on January 18, 2007, the jury returned a verdict in favor of defendants on plaintiff's trademark infringement claim, finding that "Yellow Cab. Co." is not a valid, protectable service mark (*i.e.* the term is "generic").[3]

---

[2](...continued)
case at $25,000.00, and that he only received this amount from defendants for his services on the case.

[3] Plaintiff's trademark infringement claim was the only claim submitted to the jury, as the court granted defendants'
(continued...)

2

1    Previously, on May 29, 2003, the court granted defendants'
2 motion for summary judgment, finding as a matter of law, that the
3 term "Yellow Cab Co." is generic, and thus not entitled to
4 trademark protection, or alternatively, even assuming that
5 "Yellow Cab Co." is not generic but instead descriptive, that
6 plaintiff failed to proffer sufficient evidence of "secondary
7 meaning" so as to provide trademark protection for the term.
8 (Mem. & Order at 12.)  As plaintiff's trademark infringement
9 claim failed, the court also found that plaintiff could not
10 prevail on its unfair competition claims, brought both under
11 federal and state law, as such claims were "substantially
12 congruent" of plaintiff's claims under the Lanham Act.  (Id. at
13 14.)  Finally, as to plaintiff's claims for false advertising and
14 intentional interference with prospective business advantage, the
15 court found that since such claims were predicated on defendants'
16 alleged wrongful use of the *protectable* "yellow cab" mark, they
17 likewise failed because the court determined the mark was
18 generic.[4]  (Id. at 15.)  While the court granted defendants'
19 motion for summary judgment in its entirety, it denied
20 defendants' request for an award of attorney fees under Section
21 1117(a).  (Id.)  The court found:
22       [a]lthough plaintiff's evidence in support of its
         case is deficient, no evidence has been offered
23       by defendant[s] that would support a finding

---

[3](...continued)
Federal Rule of Civil Procedure, Rule 50 motion as to plaintiff's
unfair competition claim.  (Docket #102, Minutes, filed Jan. 17,
2007.)

[4]    Plaintiff did not pursue these claims at trial.
(Pretrial Conf. Order, filed Oct. 31, 2006.)

3

> that there has been some economic coercion of defendant[s] or objective unreasonableness of the legal and factual issues presented.

(Id.)

On August 9, 2005, the Ninth Circuit issued its decision in Yellow Cab Co. of Sacramento v. Yellow Cab Co. of Elk Grove, Inc., 419 F.3d 925 (2005), reversing this court's grant of summary judgment to defendants and remanding the case for trial. The Ninth Circuit held that plaintiff produced sufficient evidence to raise triable issues of fact as to whether the term "Yellow Cab Co." was generic or alternatively, descriptive with acquired secondary meaning. Id. at 929-30. As to the former issue of genericness, the Ninth Circuit remarked, in dicta, that the term "Yellow Cab Co." appears to "answer the 'who are you?' rather than the 'what are you?' question," thus "demonstrating its non-genericness." Id. at 929. As to the latter issue of secondary meaning, in distinguishing this case from other cases where summary judgment was properly granted in favor of the defendants, the court noted that the record in this case as to the term's development of secondary meaning was "far stronger" in that plaintiff produced "direct evidence (*e.g.* evidence of customer confusion and advertising data . . .) sufficient to present a genuine issue of material fact for trial." Id. at 930 n. 3.

It is against this back-drop that the court considers defendants' *second* request for attorney fees under Section 1117(a).

4

**STANDARD**

Pursuant to section 35(a) of the Lanham Act, the court may award reasonable attorney fees to the prevailing party in "exceptional cases." 15 U.S.C. § 1117(a). This provision was designed, in part, to protect innocent defendants "against unfounded suits brought by trademark owners for harassment and the like." S. Rep. No. 93-1400, 93rd Cong., 2d Sess., reprinted in 1974 U.S. Code Cong. & Ad.News 7132, 7136. Thus, the Ninth Circuit has held that a case is "exceptional" for the purposes of recovering a prevailing defendant's attorney fees only if the plaintiff's claim is "*either* groundless, unreasonable, vexatious, *or* pursued in bad faith." Cairns v. Franklin Mint Co., 292 F.3d 1139, 1156 (9th Cir. 2002) (emphasis in original).[5] Not surprisingly, under this standard, defendants are "rarely" awarded attorney fees in trademark infringement cases. Banff, Ltd. v. Colberts, Inc., 810 F. Supp. 79, 80 n. 2 (S.D.N.Y. 1992) (citing Larner, Award of Attorneys' Fees Under § 35(a) of Lanham Act, 82 A.L.R. Fed. 143 (1991)). Ultimately, the decision to award fees rests in the court's discretion. Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000).

**ANALYSIS**

Defendants argue that an award of attorney fees is justified in this case because plaintiff pursued to trial "groundless and unreasonable" claims. Defendants contend plaintiff pressed its

---

[5] Citing out of circuit authority, defendants contend that also relevant to the determination are "equitable considerations" and the need to "deter" the plaintiff. The Ninth Circuit has not expressly considered these factors, and thus, the court likewise does not do so here. Id.

claims without citing legal authority for its positions and without presenting supporting evidence.  In that latter regard, defendants point out that plaintiff did not present expert testimony at trial, and defendants claim plaintiff's witnesses testified inconsistent to plaintiff's theories of the case.

    The court does not agree with defendants' contentions. First, the court cannot find that plaintiff pursued baseless claims in this action when the Ninth Circuit reversed this court's grant of summary judgment to defendants and remanded this case for *trial*.  Where plaintiff successfully withstood (after appeal) summary judgment, a finding of frivolousness cannot be made.  In that regard, the cases relied on by defendants for an award of fees are distinguishable.  Mattel, Inc. v. Walking Mountain Productions, 353 F.3d 792, 816 (9th Cir. 2003); Cairns, 292 F.3d at 1156; Ale House Management, Inc. v. Raleigh Ale House, Inc., 205 F.3d 137, 144 (4th Cir. 2000).  In each of these cases, attorney fees were granted to the prevailing defendants following the award of summary judgment to the defendants.

    Plaintiff cites no case wherein fees were awarded to a prevailing defendant following a jury trial.  In fact, more often, attorney fee requests are denied in such circumstances. See e.g. Gracie, 217 F.3d at 1071-72 (affirming denial of the prevailing defendant's attorney fees request following a jury trial where defendant supported his request with only "conclusory statements regarding [the counter-claimant's] supposed bad faith"); Banff, 810 F. Supp. at 81 (denying the prevailing defendant's request for attorney fees following a jury trial because plaintiff's action "proceeded to trial" on a "properly

6

plea[d] cause of action for willful trademark infringement"). In only one case reviewed by the court did a prevailing defendant succeed in a fees motion under Section 1117(a) following a trial. Vital Pharmaceuticals, Inc. v. American Body Building Products, LLC, 2007 WL 624329 (S.D. Fla. Feb. 23, 2007). Although, in Vital, the award of fees was made following a bench, not jury trial. Moreover, Vital is clearly distinguishable on the facts as there, after serving as the trier of fact, the court ruled that fees were warranted because the plaintiff "could not satisfy even one of the elements of a valid trade dress claim, and its case suffered from severe credibility problems and a lack of convincing evidence." Id. at *9. Ultimately, the court found that the plaintiff's case "appeared as nothing but a thinly-veiled effort to stifle legitimate competition." Id. The court cannot make such findings in this case on behalf of *the jury*, and even if it could, the court would not find similarly based on the evidence presented by plaintiff at trial.

Indeed, it is particularly noteworthy that even following this court's grant of summary judgment to defendants, it did not award fees to defendants under Section 1117(a), finding instead that while plaintiff's evidence may have been insufficient to withstand summary judgment, plaintiff's claims were nonetheless objectively reasonable. (Mem & Order, filed May 29, 2003, at 15.) Nothing about the trial changes this court's view of plaintiff's claims.[6]

---

[6] Contrary to defendants' suggestion, plaintiff was not obligated to offer expert testimony to support its case;
(continued...)

7

Defendants try to emphasize that the court ruled in their favor on their Rule 50 motion as to plaintiff's unfair competition claim.  However, that ruling does not support a finding that plaintiff's unfair competition claim was "groundless."  While the court found that plaintiff did not proffer sufficient evidence to submit its "passing off" theory for this claim to the jury, it was nonetheless a *viable* theory under the relevant case law.  As such, the court's Rule 50 ruling is not a basis for granting fees to defendants.

As to defendants' second argument, that plaintiff wholly lacked evidentiary support for its case at trial, the court disagrees not only based on its recollection of the evidence presented at trial but also considering the Ninth Circuit's review of the evidence presented by plaintiff in opposition to defendants' motion for summary judgment.  The Ninth Circuit did not only hold that the evidence was sufficient to raise triable issues of fact for trial, but remarked that the evidence may be sufficient to find non-genericness and was "stronger" than other cases on the issue of secondary meaning.  <u>Yellow Cab Co. of Sacramento</u>, 419 F.3d at 929-30.  While the jury found otherwise, the Ninth Circuit's decision certainly supports a finding that the claims pressed at trial were *not* "wholly lacking" in evidentiary support.

---

[6](...continued)
additionally, that some of plaintiff's witnesses may not have testified in direct conformity with plaintiff's theory of the case is not uncommon in an adversarial proceeding.

8

1    Alternatively, defendants maintain that an award of fees is
2 warranted in this case because of "plaintiff's litigation
3 actions," which "increased the fees" incurred by defendants.
4 Defendants cite as the sole support for this argument,
5 plaintiff's motion in limine to exclude defendants' expert
6 witness.  Defendants assert that in this motion, plaintiff made
7 groundless arguments, failing to cite controlling law; such
8 facts, defendants contend, support an award of fees under <u>Ale</u>
9 <u>House</u>.  205 F.3d at 144.  <u>Ale House</u> is distinguishable.  There,
10 following an award of summary judgment to the defendant, the
11 court awarded the defendant attorney fees under Section 1117(a)
12 on the grounds the plaintiff "(1) alleged erroneous facts due to
13 the reliance on a form complaint; (2) failed to tailor its
14 factual allegations to fit [the] case; (3) withdrew a federal
15 anti-dilution claim after [the defendant] pointed out its
16 inapplicability; and (4) is a successful company that used its
17 resources to hinder defendant's business venture."  <u>Id.</u>  Similar
18 facts are not present here.

19    Plaintiff's primary basis for moving to exclude defendants'
20 expert's testimony was the Ninth Circuit's decision which
21 directed this court on remand to "take into consideration the
22 territorial scope of the common law trademark rights in deciding
23 what evidence is relevant."  <u>Yellow Cab Co. of Sacramento</u>, 419
24 F.3d at 930 n. 4.  Based on this order, plaintiff appropriately
25 brought the motion in limine.  While this court ultimately denied
26 plaintiff's motion, finding defendants' expert's testimony in
27 compliance with the Ninth Circuit's direction to consider the
28 territorial or "local" scope of the term "yellow cab" in the

9

specific geographic area, its ruling does not render plaintiff's motion "baseless." Plaintiff supported its arguments with reliance on the Ninth Circuit's decision and other pertinent authorities. Although this court found the arguments unpersuasive, they nonetheless were based in law and supported by a reasonable interpretation of the facts. Therefore, the court cannot find that plaintiff's motion in limine was groundless or pursued vexatiously.

As this court found previously, in its May 29, 2003 summary judgment order, there is no evidence in this case of bad faith conduct by plaintiff in bringing the instant suit against defendants. (Mem. & Order at 15-16.) While defendants continue to insinuate that plaintiff engaged in such conduct, their conclusory statements regarding plaintiff's supposed bad faith are insufficient to carry defendants' burden to demonstrate entitlement to an award of attorney fees. <u>Gracie</u>, 217 F.3d at 1071. Where defendants "fai[l] to cite any specific record evidence to support [their] speculation regarding [plaintiff's] state of mind," an award of fees is clearly not warranted. <u>Id.</u> Defendants have made no showing of any improper purpose by plaintiff in filing this action.

As such, considering the Lanham Act's requirement of "exceptional circumstances," as interpreted "narrowly" by the Ninth Circuit, <u>see id.</u>, the court denies defendants' motion for attorney fees under Section 1117(a). Defendants have not demonstrated that plaintiff pursued this action to trial on groundless or unreasonable claims or in bad faith.

**CONCLUSION**

For the foregoing reasons, defendants' motion for attorney fees under Section 1117(a) is denied.

IT IS SO ORDERED.

DATED: March 30, 2007.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE